IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BERNARD GRAY | |
| Plaintiff, | Civil Action File No.: |
| v. | |
| GEORGIA UROLOGY, P.A. | **TRIAL BY JURY DEMANDED** |
| Defendants. | |

PLAINTIFF'S FIRST COMPLAINT FOR DAMAGES

Plaintiff Bernard Gray, by and through undersigned counsel, and files this Plaintiff's Complaint for Damages against Defendant Georgia Urology, P.A., showing the Court as follows:

**PRELIMINARY STATEMENT**

1.

Plaintiff brings this action under the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA") and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") asserting claims for disability, race, sex, and sexual orientation discrimination and retaliation. Plaintiff seeks injunctive and

declaratory relief, back pay, lost benefits, front pay, liquidated damages, and attorneys' fees and cost of litigation.

2.

Plaintiff further brings this action under Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (FLSA) for failure to properly calculate and issue overtime wages.

3.

Plaintiff also brings this action under Georgia state laws of negligent training, hiring, and retention for the failure to properly train employees on the proper handling of private health information, disclosure of private facts for the unnecessary disclosure of private health information, and breach of contract for failure to pay for services received during the employee/employer relationship.

## JURISDICTIONAL STATEMENT

4.

Plaintiff's claims of discrimination and retaliation in violation of Title VII and ADA and violations of FLSA present federal questions over which the Court has jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343.

5.

Plaintiff's negligent hiring, training, retention, disclosure of private facts, respondeat superior, and breach of contract claims all arise out of his employment with

Defendant and arise out of the same nucleus of operative facts giving this court supplemental jurisdiction pursuant to 28 U.S.C. §1367.

6.

All conditions precedent to file suit have been fulfilled.

7.

On or about April 6, 2021, Plaintiff timely filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). On or about October 24, 2022, Plaintiff received a Notice of Right to Sue from the EEOC. This action was filed within ninety (90) days of Plaintiff's receipt of said Notice. See, Exhibit A.

## **VENUE**

8.

Venue is proper pursuant to 42 U.S.C. § 2000e-5(f)(3) and also pursuant to 28 U.S.C. §§ 1391(b), (c), and (d), as Defendants have contacts throughout the State of Georgia, may be served with process of service through its registered agent within the Atlanta Division of the United States District Court for the Northern District of Georgia.

**PARTIES**

9.

Plaintiff Bernard Gray is an African American man, United States citizen, a State of Georgia resident, and submits himself to the jurisdiction of the Court.

10.

Plaintiff is a qualified individual with a disability within the meaning of the ADA.

11.

At all relevant times, Plaintiff was an "employee" within the meaning of the laws at issue in this matter and is accordingly entitled to the protection of said laws.

12.

Defendant Georgia Urology is a domestic corporation that transacts business in the State of Georgia and may be served with summons and a copy of the Complaint by delivering process to their registered agent Bridgett Chasko located at 1930 Brannan Road, McDonough, GA, 30253.

13.

At all relevant times, employees of Defendant acted as agents and servants for Defendant.

14.

At all relevant times, employees of Defendant were acting within the scope of their employment and authority as directed by Defendant.

15.

Defendant is and has been for all relevant times an "employer" and/or "person" within the meaning of the laws at issue in this matter and is thus subject to said laws.

16.

At all relevant times, Defendant has been an employer employing more than 20 employees.

17.

This Honorable Court has personal jurisdiction over the Defendants.

## **FACTS**

18.

On or about July 20, 2020, Defendant hired Plaintiff as a surgical technician.

19.

Plaintiff's rate of pay was $18.50 for the first 90 days of employment.

20.

After completion of 90 days, Plaintiff's rate of pay was supposed to change to $20.50.

21.

At all relevant times, Plaintiff was fully qualified for his position and performed his duties satisfactorily.

22.

As part of the onboarding process of employment, Plaintiff was required to complete a TB skin test and Hepatis B Immunization.

23.

On or about August 19, 2020, Director of Ambulatory Surgery Centers, Dawn Lewis instructed Nurse Manger Susie Lee to administer the test and send Plaintiff's blood to LabCorp for employment onboarding.

24.

On November 4, 2020, Credentialing Manager Jennifer Evans requests that Susie Lee send the appropriate lab documents needed to complete Plaintiff's onboarding.

25.

On November 5, 2020, Susie Lee contacted LabCorp using her Georgia Urology credentials to gain access to Plaintiff's protected health information by presenting herself as a representative of Georgia Urology calling concerning a patient, not employee, of Georgia Urology.

26.

At all relevant times, Jennifer Evans was an employee of Defendant and acting within the scope of her employment with Defendant.

27.

At all relevant times, Susie Lee (hereinafter "Ms. Lee") was an employee of Defendant and acting within the scope of her employment with Defendant.

28.

At all relevant times, Dawn Lewis was an employee of Defendant and acting within the scope of her employment with Defendant.

29.

When asked by LabCorp which of Plaintiff's records were needed, Defendant did not request the Hepatitis B records needed for employment.

30.

When asked by LabCorp which of Plaintiff's records were needed, Defendant did not request the specific records Defendant sent to the lab for Plaintiff for employment purposes.

31.

When asked by LabCorp which of Plaintiff's records Defendant needed, Defendant requested that LabCorp send "everything."

32.

LabCorp provided Defendant with Plaintiff's protected health information and disclosed a diagnosis, disclosure of which was not a necessary term of employment.

33.

On November 6, 2020, Plaintiff immediately reported Ms. Lee's violation of HIPAA and breach of privacy to the Director of People Operations, Susan Nachazel (Ms. Nachazel) and Bridgett Cross.

34.

Defendant never disciplined Ms. Lee for her actions.

35.

On November 9, 2020, Ms. Lee denied Plaintiff's automatic pay raise for completing 90 days.

36.

All other similarly situation individuals received their pay raise.

37.

On November 13, 2020, in reference to Plaintiff's diagnosis, Ms. Lee asked Plaintiff how he was even hired given his status.

38.

On November 17, 2020, Ms. Lee issued Plaintiff a write up for a purported incident that happened weeks prior.

39.

The November 17, 2020, write up issued by Ms. Lee was for a purported incident that happened prior to Plaintiff's report of her actions in obtaining his private health information.

40.

Plaintiff reported Ms. Lee's retaliatory behavior regarding the write up.

41.

Defendant removed the write up from Plaintiff's file.

42.

Defendant did not discipline Ms. Lee for improperly issuing Plaintiff a write up.

43.

At or around the same time of Plaintiff's private health disclosure, co-workers began using derogatory statements against Plaintiff concerning his sexual orientation.

44.

During the course of employment, Plaintiff was called, a "faggot ass bitch."

45.

Plaintiff reported the derogatory statements concerning his sexual orientation as well as the retaliatory actions taken by Ms. Lee to the Director of People Operations, the Interim Director/Practice Administrator, and the CEO of Georgia Urology.

46.

On November 23, 2020, Plaintiff met with Director of People Operations Susan Nachazel to further discuss his discriminatory complaints against Ms. Lee and the co-worker calling him derogatory names based upon his sexual orientation.

47.

On November 30, 2020, the same co-worker continued the harassment by calling Plaintiff a "faggot," and telling him that she would get her son to "kill [his] faggot ass."

48.

On December 1, 2020, Director of People Operations, Susan Nachazel and Bridgett Cross met with Plaintiff concerning all of his complaints and told Plaintiff, "if you are that unhappy… then this isn't the place for you, period. Go find another job."

49.

With no support from the senior staff, on December 7, 2020, Plaintiff confided in Dr. Kriteman concerning his medical status and the continued harassment he was receiving as a result of the disclosure.

50.

In response, on December 9, 2020, Defendant agreed to give Plaintiff his raise, but with the condition that he, "stop whining so much."

51.

Plaintiff never received his raise.

52.

At all relevant times, Plaintiff was a non-exempt employee under the Fair Labor Standards Act (FLSA).

53.

As a non-exempt employee, Plaintiff was subject to the overtime wage provisions of the FLSA.

54.

Following Plaintiff's 90th day of employment, he had more than 40-hour work weeks.

55.

On Friday, December 11, 2020, Plaintiff became ill while at work and left to go to the emergency room.

56.

Plaintiff immediately reported his illness to upper management and informed them that he was referred to seek a follow up with his primary care physician which may require him to miss work Monday, December 14, 2020.

57.

On Monday, December 14, 2020, Plaintiff followed up with his primary care physician that provided him a work absence letter indicating that Plaintiff needed to be out from work from December 14, 2020, through December 18, 2020.

58.

On December 15, 2020, Ms. Nachazel requested that Plaintiff provide a more detailed doctor's note.

59.

On December 16, 2020, Plaintiff provided Defendant with a more detailed doctor's note as requested and inquired about his leave and accommodation options.

60.

On December 17, 2020, Defendant terminated Plaintiff for creating a "shortness in staff."

61.

Specifically, Dr. Kriteman, as part owner, demanded that he be terminated one week after discovering Plaintiff's diagnosis.

62.

On December 17, 2020, Defendant was not short staffed in Plaintiff's absence.

## COUNT I – TITLE VII (SEX)

63.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 62 above as if fully restated herein.

64.

Plaintiff is male and, therefore, a member of a protected class under Title VII.

65.

Plaintiff was subject to unwelcome harassment on the basis that he failed to conform to the stereotypical gender norms expected by Defendant, including derogatory comments, demeaning disparate treatment, and verbally abusive behavior,

which was so severe and pervasive that it materially altered the conditions of his employment and created a discriminatorily abusive working environment.

66.

Plaintiff was treated less favorably than similarly situated male employees that did conform to stereotypical gender norms, with respect to the terms and conditions of his employment.

67.

Defendant acted in bad faith, willfully and wantonly disregarded Plaintiff's rights under Title VII, and acted in reckless disregard for Plaintiff's rights under Title VII.

68.

As a result of Defendant's unlawful actions, Plaintiff has suffered lost compensation, emotional distress, inconvenience, humiliation, and other indignities.

69.

Pursuant to Title VII, Plaintiff is entitled to damages including back pay and lost benefits, front pay, compensatory damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under Title VII.

## COUNT II – TITLE VII (RETALIATION)

70.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 69 above as if fully restated herein.

71.

Plaintiff engaged in statutorily protected activity by opposing conduct and actions made unlawful under Title VII.

72.

Defendant engaged in retaliation against Plaintiff, including, but not limited to, failure to promote and termination of employment.

73.

The above-pled discriminatory conduct toward Plaintiff constitutes unlawful retaliation against them in violation of Title VII.

74.

Defendant undertook its conduct intentionally and maliciously with respect to Plaintiff and his federally protected rights, or additionally, and in the alternative,

undertook its conduct recklessly with respect to Plaintiff and his federally protected rights, entitling him to recover punitive damages.

75.

As a result of Defendant's unlawful actions, Plaintiff suffered lost compensation, emotional distress, inconvenience, humiliation, and other indignities.

76.

Pursuant to Title VII, Plaintiff is entitled to damages including back pay and lost benefits, front pay, compensatory damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under Title VII.

## <u>COUNT III – ADA/ACCOMMODATIONS</u>

77.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 76 above as if fully restated herein.

78.

Plaintiff is disabled and/or perceived disabled by Defendants as defined under the ADA.

79.

Plaintiff was treated less favorably than similarly situated non-disabled employees with respect to the terms and conditions of his employment.

80.

Upon request for accommodation, Defendant refused to engage in the interactive process to determine reasonable accommodations.

81.

Defendants acted in bad faith, willfully and wantonly disregarded Plaintiff's rights under the ADA, and acted in reckless disregard for Plaintiff's rights under the ADA.

82.

Pursuant to the ADA, Plaintiff is entitled to damages including back pay and lost benefits, front pay, compensatory damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under the ADA.

## **COUNT IV – FLSA VIOLATION**

83.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 82 above as if fully restated herein.

84.

By engaging in the conduct described above, Defendant failed to pay Plaintiff at a rate of pay not less than one- and one-half times his regular rate for all work performed in excess of forty hours in a work week, in violation of 29 U.S.C. § 207.

85.

Defendant's actions in failing to compensate Plaintiff in accordance with the FLSA were willful, under 29 U.S.C. § 255(a), and committed with a conscious disregard for Plaintiff's rights.

86.

As a result of Defendant's violation of the FLSA, Plaintiff has a right to recover his unpaid compensation, including overtime compensation, and an equal amount as liquidated damages as well as prejudgment interest, reasonable attorneys' fees, and cost of suit under 29 U.S.C. § 216(b), all in amounts to be determined at trial.

## COUNT V – BREACH OF CONTRACT

87.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 86 above as if fully restated herein.

88.

The parties came to an agreement regarding the scope of work that Plaintiff would complete as a surgical technician.

89.

In exchange for the performance of surgical technician services, Defendant was to compensate Plaintiff $18.50 per hour for the first 90 days and $20.50 per hour for all services rendered after the 90th day of employment.

90.

Plaintiff performed surgical technician services beyond 90 days.

91.

Defendant breached the contract by failing to issue payment of $20.50 per hour of work performed by Plaintiff beyond 90 days of employment.

92.

Defendant is liable to Plaintiff for damages.

## **COUNT VI – DISCLOSURE OF PRIVATE FACTS**

93.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 92 above as if fully restated herein.

94.

Defendant used its medical credentials to illegally obtain Plaintiff's private health information that was outside the employer/employee relationship.

95.

Agents of Defendant disclosed the private health status of Plaintiff to other non-managerial individuals in the workplace.

96.

The disclosure led to workplace harassment based upon Plaintiff's perceived sexual orientation given his medical status.

97.

The disclosed fact was private in nature as it was a health status protected by HIPAA and other privacy laws.

98.

Disclosure of private health diagnosis and status is offensive and objectionable to a reasonable person of ordinary sensibilities.

99.

As a result of Defendant's unlawful actions, Plaintiff has suffered lost compensation, emotional distress, inconvenience, humiliation, and other indignities.

## COUNT VII- NEGLIGENT HIRING/TRAINING/RETENTION

100.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 99 above as if fully restated.

101.

Defendant was negligent in hiring Ms. Lee and entrusting her to properly handle private information to which her employment would make her privy to.

102.

Defendant was negligent in failing to properly train Ms. Lee on the proper uses of her credentials in obtaining medical information.

103.

Defendant was negligent in failing to properly supervise Ms. Lee.

104.

Defendant's negligence in hiring Ms. Lee and entrusting her with obtaining private health information and failing to train, failing to implement and enforce safety policies and procedures, and in failing to supervise her properly were independently and/or concurrently the sole and proximate cause of the harassment, humiliation and emotional distress endured by Plaintiff causing damages.

## CLAIM VIII – RESPONDEAT SUPERIOR

105.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 104 above as if fully restated.

106.

At all relevant times, Susie Lee was the agent, servant and/or employee of Defendant and was acting within the scope of her employment and was acting with the knowledge, consent, and permission – actual or implied – of Defendant. Thus, Defendant liable for Plaintiff's damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a TRIAL BY JURY and that the following relief be granted:

A.     That the Court take jurisdiction of this matter;

B.     That the Court award Plaintiff back pay and front pay in an amount to be determined at the trial of this case;

C.     That the Court award compensatory damages in an amount to be determined by the trier of fact;

D.     That the Court award Plaintiff punitive damages against Defendants in an amount to be determined by the trier of fact;

E.     That the Court award Plaintiff his costs in this action and reasonable attorneys' fees;

F.     That the Court grant to Plaintiff the right to have a jury trial on all issues triable to a jury; and

G.      That the Court grant such additional relief as the Court deems proper and

just.

Respectfully submitted this 4th day of November 2022.

> CKesler Law, LLC
> Attorneys for Plaintiff


By:     _/S/CRYSTAL D. KESLER_____
> CRYSTAL D. KESLER
> GA State Bar No.:  668170
> ckesler@ckeslerlaw.com
> 3645 Marketplace Blvd., Suite 130-497
> Atlanta, GA 30344
> (470) 371-6408 Phone
> (470) 300 – 7991 Facsimile


## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned counsel certifies that this

document was prepared using 14-point Times New Roman font, one of the fonts and

points.

# EXHIBIT A

EEOC Form 161-B (01/2022)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | **Bernard Gray**<br>**7933 Roswell Road, Apt. D**<br>**Sandy Springs, GA 30350** | From: | **Atlanta District Office**<br>**100 Alabama Street, SW, Suite 4R30**<br>**Atlanta, GA 30303** |
|---|---|---|---|

| EEOC Charge No.<br>**410-2021-04354** | EEOC Representative<br>**Larry Satterwhite,**<br>**Federal Investigator** | Telephone No.<br>**470-531-4773** |
|---|---|---|

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

More than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

***Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.***

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

Digitally Signed 10/24/2022 By:Darrell Graham
**Darrell Graham**
**District Director**

cc:   **Megan P Mitchell**
      **Arnall Golden Gregory LLP**
      **171 17TH ST NW STE 2100Atlanta, GA 30363**
      **Susan Nachazel**
      **GEORGIA UROLOGY, P.A.**
      **5730 GLENRIDGE DR STE 200Atlanta, GA 30328**

      **Crystal D Kesler**
      **C KESLER LAW, LLC**
      **3645 Marketplace Blvd. Suite 130-497Atlanta, GA 30344**